Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

THE BARTON GROUP, INC.,

        Plaintiff,                                No. 08 Civ. 5679 (GEL) (FM)

    versus

NCR CORPORATION,

        Defendant.                               AMENDED ANSWER

-----------------------------------------------------------x

## FIRST DEFENSE

Defendant NCR Corporation answers the complaint of plaintiff Barton Group, Inc. as follows:

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2. Admits the allegations of paragraphs 2-3 of the complaint.

3. Denies the allegations of paragraphs 4-5 of the complaint, except admits that the parties entered into a contract and that that contract deals with certain projects, including certain commission compensation, to which it refers.

4. Denies the allegations of paragraphs 6-7 of the complaint.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint, except denies that NCR owes Barton Group anything.

6. Denies the allegations of paragraph 9 of the complaint.

7. In response to paragraph 10 of the complaint, realleges the applicable paragraphs of this answer.

8. Denies the allegations of paragraph 11 of the complaint, except admits that the contract deals with NCR's obligation to report.

9. Denies the allegations of paragraphs 12-13 of the complaint.

10. In response to paragraph 14 of the complaint, realleges the applicable paragraphs of this answer.

11. Denies the allegations of paragraph 15 of the complaint, except admits that it terminated all future payments to Barton Group.

12. Denies the allegations of paragraphs 16-17 of the complaint.

13. In response to paragraph 18 of the complaint, realleges the applicable paragraphs of this answer.

14. Denies the allegations of paragraphs 19-20 of the complaint.

## SECOND DEFENSE

15. Count IV of the complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE AND FIRST COUNTERCLAIM

16. Barton Group represented and warranted in the annexed contract and in its predecessor contract, dated July 11, 2002, that it had a sales agreement with McDonald's Corporation for the sales of the elements of the projects that those agreements covered.

17. Those representations were material in NCR's decision to enter into the contracts, and NCR reasonably relied upon them.

18. Those representations were false.

19. Barton Group knew that those representations were false or acted in reckless disregard of their truth or falsity.

20. NCR has been damaged as a result.

### FOURTH DEFENSE AND SECOND COUNTERCLAIM

21. Barton Group represented, warranted, and promised in the contracts that it would not provide any confidential information that NCR gave it to any competitor of NCR and use such information to solicit business from entities other than McDonald's.

22. Barton Group violated that representation, warranty, and promise.

23. NCR has been damaged as a result.

WHEREFORE, defendant NCR Corporation demands:

(a) judgment in its favor on the complaint of plaintiff Barton Group, Inc.;

(b) judgment of plaintiff Barton Group, Inc. on each of its counterclaims in such amounts as it shall show at trial; together with

(c)   interest and the costs and disbursements of this action.

Dated: New York, NY
July 28, 2008

                                             Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue, 8th floor
New York, NY  10022
(212) 308-4411

TO:

Harry P. Sacks, Esq.
HOLLAND & KNIGHT LLP
Attorneys for Plaintiff
195 Broadway, 24th floor
New York, NY  10007
(212) 513-3200

NYC 305339.1

4

## CERTIFICATE OF SERVICE

I certify that on the 28th day of July, 2008, I caused a true copy of the attached amended answer to be served upon Holland & Knight LLP, attorneys for plaintiff, by first-class mail.

IRA G. GREENBERG

NYC 10069. 110069