UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
THE BARTON GROUP, INC.,                                     :
                                                            :
                            Plaintiff,                      :     08 Civ. 5679 (GEL) (FM)
                                                            :
        -against-                                           :     **ORDER**
                                                            :
NCR CORPORATION,                                            :
                                                            :
                            Defendant.                      :
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/09

GERARD E. LYNCH, District Judge:

   By joint letter dated July 13, 2009, the parties to this contract dispute submit several discovery matters for resolution by this Court. Having carefully reviewed the letter, it is hereby ORDERED:

   1.   Various technical glitches have rendered a small percentage of defendant's electronic production unreadable (1,224 of 212,000 documents). Although minor glitches of this sort are to be expected in any electronic production of this scale, defendant nevertheless has the obligation to produce readable copies of its discoverable materials where reasonably possible. Upon learning of the problems, defendant attempted to resolve the issues with its information technology department to no apparent avail. It is unclear, however, whether there has been a final determination that the issues cannot be resolved, or whether there are reasonable steps remaining to restore the data and produce the materials to plaintiff in a readable format. Accordingly, defendant is ordered to either produce readable copies of these documents, or to certify that it has exhausted all reasonable efforts to recover the content of these documents, by August 5, 2009.

   2.   Confusing the merits of the case with the discovery process, plaintiff seeks to have defendant produce documents which defendant represents do not exist, and to have defendant create documents to clarify plaintiff's claims. Plaintiff's position is unsustainable. Plaintiff's claims include allegations defendant breached its contract with plaintiff by failing to produce satisfactory accounting records. Whether or not this is correct, discovery is not a process by which plaintiff compels defendant to produce tabulations that plaintiff claims should have previously been created. Defendant is only required to produce documents that exist; it has no obligation to create documents to support plaintiff's theory of the case. Defendant represents that it has produced all of the requested documents in its possession, and offers to provide the underlying invoices. Contrary to plaintiff's position, it is plaintiff's obligation to prove that defendant owes it money; defendant's obligation at this stage is limited to producing its existing records, which it has done. If, on the basis of those records, plaintiff cannot figure out what claims it is owed, or cannot otherwise prove its case, that is not defendant's fault. Accordingly,

plaintiff's requests in these respects are denied. Should plaintiff desire the underlying sales invoices which defendant has offered to provide, it shall so notify defendant and defendant shall in turn provide them forthwith.

        3.      Plaintiff complains of defendant's electronic "data dump," and requests that defendant be required to review its production and identify which documents are responsive to each of plaintiff's document requests. But the so-called data dump plaintiff now bemoans is the result of its own agreement with defendant, including the negotiation of a strict confidentiality agreement, for defendant to produce all electronic files from custodians likely to have responsive documents, without prior review. Now, apparently dissatisfied with the outcome, plaintiff seeks to backtrack from its prior agreement to accept the unreviewed documents, contending that it was "put in the unenviable position of choosing between proceeding with discovery in a more traditional manner and risk defendant or its counsel unilaterally filtering these documents for relevance, or receiving and tediously reviewing an electronic data dump." Plaintiff's position is without merit. It cannot both agree to obtain the benefit of receiving all of defendant's documents, so as to avoid the risk of defendant's "unilaterally filtering," while simultaneously seeking to have defendant filter, label and neatly categorize the documents for it. Having opted to receive all of defendant's electronic documents rather than having defendant first review the documents for relevance (and privilege), plaintiff cannot now recant and force defendant to provide the kind of classification that plaintiff would have gotten had it made a different choice. Accordingly, plaintiff's request to require defendant to categorize its production is denied.

SO ORDERED.

Dated: New York, New York
       July 22, 2009

                                                                      GERARD E. LYNCH
                                                              United States District Judge